## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | Case No. 2:25-cv-00391-JRG-RSP |
| *Plaintiff and Counterclaim-Defendant*, | (Lead Case) |
| v. | |
| Cellco Partnership d/b/a Verizon Wireless *et al*, | |
| *Defendants and Counterclaimant-Plaintiffs*. | |
| HEADWATER RESEARCH LLC, | Case No. 2:25-cv-00359-JRG-RSP |
| *Plaintiff and Counterclaim-Defendant*, | (Member Case) |
| v. | |
| T-MOBILE USA, INC *et al*, | |
| *Defendants and Counterclaimant-Plaintiffs*. | |
| HEADWATER RESEARCH LLC, | Case No. 2:25-cv-00428-JRG-RSP |
| *Plaintiff and Counterclaim-Defendant*, | (Member Case) |
| v. | |
| AT&T SERVICES, INC. *et al* | |
| *Defendants and Counterclaimant-Plaintiffs*. | |

## HEADWATER'S ANSWER TO AT&T's COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Headwater Research LLC ("Headwater") hereby answers Defendants and Counterclaimant-Plaintiffs' AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC, (collectively "AT&T" or "Defendants" or "Counterclaimants"),

counterclaims as follows:

## THE PARTIES

1.    Headwater does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis: denied.

2.    Headwater does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis: denied.

3.    Headwater does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis: denied.

4.    Admitted.

## JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Headwater admits that it has sued AT&T for infringement of the Asserted Patents and that there is a substantial, actual, and continuing controversy between Headwater and AT&T as to the infringement of the asserted patents. Headwater denies the remaining allegations of paragraph 8.

## First Counterclaim
### (Declaratory Judgment of Invalidity or Ineligibility of the '425 Patent)

9.    Headwater incorporates the preceding paragraphs by reference, as though fully set forth herein.

10.    Denied.

11.    Denied.

## Second Counterclaim

**(Declaratory Judgment of Invalidity or Ineligibility of the '102 Patent)**

12.     Headwater incorporates the preceding paragraphs by reference, as though fully set forth herein.

13.     Denied.

14.     Denied.

**Third Counterclaim**
**(Declaratory Judgment of Invalidity or Ineligibility of the '451 Patent)**

15.     Headwater incorporates the preceding paragraphs by reference, as though fully set forth herein.

16.     Denied.

17.     Denied.

**JURY DEMAND**

18.     Headwater, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**EXCEPTIONAL CASE**

19.     Denied.

**PRAYER FOR RELIEF**

In response to AT&T's prayer for relief, Headwater denies that AT&T is entitled to any relief, including any of the relief requested in paragraphs A–D of AT&T's prayer for relief. Further, Headwater requests the following relief:

WHEREFORE, Headwater respectfully requests that this Court enter:

a.     A judgment in favor of Headwater that AT&T has infringed, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise, the Asserted Patents;

b.     A permanent injunction prohibiting AT&T from further acts of infringement of the

Asserted Patents;

c.     A judgment and order requiring AT&T to pay Headwater its damages, enhanced damages, costs, expenses, and pre-judgment and post-judgment interest for AT&T's infringement of the Asserted Patents;

d.     A judgment and order requiring AT&T to provide accountings and to pay supplemental damages to Headwater, including without limitation, pre-judgment and post-judgment interest;

e.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Headwater its reasonable attorneys' fees against AT&T; and

f.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

Dated: July 25, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANT, Headwater Research LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on  July 25, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster